PITTMAN, Judge,
concurring in part and dissenting in part.
In this court’s opinion on original deliverance, which today’s opinion withdraws, this court made an initial determination that the decision whether to apply discounts in valuing the husband’s business interests was a matter to be determined by the trier of fact. Writing for the court, I noted that:
“The trial court heard testimony from three experts, received substantial documentary evidence, and accepted posttrial legal memoranda from both the wife’s attorney and the husband’s attorney addressing whether the two discounts should be applied to the husband’s business interests. The trial court has wide discretion to accept or to reject evidence and testimony presented ore tenus. See Clements [v. Clements ], 990 So.2d [383,] 389 [ (Ala.Civ.App.2007) ], and Harmon [v. Harmon], 928 So.2d [295,] 298 [ (Ala.Civ.App.2005) ]. Based upon the disputed evidence as to the value of the husband’s business interests, as well as the conflicting testimony of the financial experts who testified for the wife and the husband, we conclude that the trial court acted within its discretion in making the determination that computing the fair market value of the husband’s business interests necessitated applying both minority-interest and marketability discounts.”
I would prefer to leave the trial courts of this state with the discretion to determine, on the specific facts at issue in each divorce action, whether or not to apply discounts in valuing various types of business interests; therefore, I dissent from the reversal of the trial court’s divorce judgment in that respect.
I concur in the main opinion to the extent that the cross-appeal is affirmed.